IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-892-F

| | | |
|---|---|---|
| JO ANN LOCKLEAR SURLES, and <br> ROSIE LOCKLEAR, <br><br> Plaintiffs, <br><br> v. <br><br> GREEN TREE SERVICING, LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **ORDER** |

This matter is again before the court on a Motion to Dismiss and Compel Arbitration [DE-6] filed by Defendant Green Tree Servicing, LLC ("Green Tree"); as well as on the Plaintiffs' Motion for Extension of Time [DE-14]. For the reasons stated herein, the Plaintiffs' Motion for Extension of Time [DE-14] is DENIED, and the Motion to Dismiss and Compel Arbitration [DE-6] is ALLOWED.

## I. PROCEDURAL AND FACTUAL HISTORY

Plaintiff Jo Ann Locklear Surles ("Surles") entered into an installment sales contract (the "Contract") to purchase a mobile home. *See* Complaint [DE-1-1] ¶ 4; *see also* Contract [DE-7-1] at 1.[1] Green Tree provided Surles with the financing to purchase the mobile home, which Surles

---

[1] The Contract contains an arbitration clause that states, in part, that

ALL DISPUTES, CLAIMS, OR CONTROVERSIES BETWEEN YOU AND ME OF ANY TYPE OR KIND WHATSOEVER, INCLUDING, BUT NOT LIMITED TO THOSE ARISING FROM OR RELATING TO THIS CONTRACT OR THE RELATIONSHIPS WHICH RESULT FROM THIS CONTRACT, OR ANY OTHER AGREEMENT OR INSTRUMENT RELATING TO THE MANUFACTURED HOME OR THE VALIDITY OF THE ARBITRATION CLAUSE OR THE ENTIRE CONTRACT, SHALL AT THE REQUEST OF EITHER YOU OR ME BE RESOLVED BY BINDING ARBITRATION BY ONE ARBITRATOR SELECTED BY YOU FROM A PANEL OF ARBITRATORS . . . . THIS ARBITRATION AGREEMENT IS MADE

claims she paid in full sometime in 2003. *See* Compl. [DE-1-1] ¶¶ 5, 8. However, despite fulfilling her obligations on the Contract and loan, Green Tree began attempting to collect payment for the loan from Surles and Rosie Locklear, a previous plaintiff in this case who has since been dismissed. *Id.* ¶ 9; *see also* Order of August 21, 2015 [DE-9] at 6. These attempts to collect included multiple daily calls, threats, harassment, and false accusations. *See* Compl. [DE-1-1] ¶¶ 13-25. While Green Tree was informed various times that the debt had been paid in full, Green Tree continued attempting to collect payments. *See id.* ¶ 26. Surles brought claims under the North Carolina Debt Collection Act ("NCDCA"). *See id.* ¶¶ 27-33.

On December 19, 2014, counsel for Green Tree sent a letter to Mr. Brenton D. Adams, Surles's attorney during state court proceedings, informing him that "Green Tree intends to apply to the Court to compel arbitration of the dispute between it and Ms. Surles" pursuant to the Contract. *See* Letter of December 19, 2014 [DE-7-2]. On December 29, 2014, Green Tree moved to compel arbitration. *See* Motion to Dismiss and Compel Arbitration [DE-6]. A month and a half later, on February 11, 2015, Mr. Adams's litigation paralegal, Dawn Wrench, sent an e-mail to Green Tree's counsel. *See* E-mail from Evan Sauda to Dawn Wrench (Feb. 12, 2015, 5:01 PM) [DE-19-1]. In the e-mail, Ms. Wrench stated (1) that her office represented Ms. Surles; and (2) that she was preparing to file a Notice of Appearance in the case. *See id.* The e-mail also inquired as to whether a hearing had been set on the Motion to Dismiss and Compel Arbitration. *See id.*

---

PURSUANT TO A TRANSACTION INVOLVING OR AFFECTING INTERSTATE COMMERCE, AND SHALL BE GOVERNED BY THE FEDERAL ARBITRATION ACT.... YOU AND I AGREE AND UNDERSTAND THAT ALL DISPUTES ARISING UNDER CASE LAW, STATUTORY LAW, AND ALL OTHER LAWS, INCLUDING BUT NOT LIMITED TO ALL CONTRACT, TORT, AND PROPERTY DISPUTES, WILL BE SUBJECT TO BINDING ARBITRATION IN ACCORDANCE WITH THIS CONTRACT.

*See* Contract [DE-7-1] ¶ 15.

The court deferred ruling on the Motion to Dismiss and Compel Arbitration [DE-6] as to Surles due to questions regarding (1) the plaintiffs' activity, or lack thereof, since the removal of the case from state court; and (2) the lack of evidence that the plaintiffs received a copy of a letter to their counsel, Mr. Brenton D. Adams, asking to arbitrate the dispute. *See* Order of August 21, 2015 [DE-9] at 5.[2] Those questions have since been answered to the court's satisfaction.

## II. LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). The court may consider "documents incorporated into the complaint by reference" when deciding a Rule 12(b)(6) motion. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III. DISCUSSION

### A. Plaintiffs' Motion for Extension of Time

Under Rule 6(b) of the Federal Rules of Civil Procedure, if the time to respond has already expired, the court may, on a motion by the offending party, extend the time to respond if "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). A finding of excusable neglect "requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within

---

[2] As stated above, the court allowed the motion as to Plaintiff Rosie Locklear, who is no longer a party to this action.

the specified period." *In re Four Seasons Sec. Laws Litig.*, 493 F.2d 1288, 1290 (10th Cir. 1974); *see also Dalenko v. Stephens*, No. 5:12-CV-122-F, 2013 WL 3288376, at *4 (E.D.N.C. June 28, 2013) (quoting 4B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2002)).

Here, Mr. Adams has made no showing of good faith or of a reasonable basis for failing to comply with the response period. All of the defendant's filings and this court's communications have been sent to the same address and e-mail presently used by Mr. Adams, but he claims to have not known of them. An e-mail from Mr. Adams's paralegal shows that his office was aware of the Motion to Dismiss and Compel Arbitration, yet he chose not to respond to the motion or to more promptly move for an extension of time. *See* E-mail from Evan Sauda to Dawn Wrench [DE-19-1]. Mr. Adams's only excuse is that he was unaware of Green Tree's motion until after the time for responding had expired. *See* Status Report [DE-12] ¶ 9. While that may have been the case, merely being unaware of a motion, without more, does not show good faith or a reasonable basis for the extension, let alone both. And that is all that Mr. Adams rests on—that he did not know. Plaintiffs' Motion for Extension of Time [DE-14] is DENIED.

**B.   Motion to Compel Arbitration**

Even were the court to allow Plaintiffs' Motion for Extension of Time, the court would still allow the Motion to Dismiss and Compel Arbitration [DE-6] despite the arguments in the plaintiffs' Memorandum in Opposition to the Defendant's Motion to Dismiss and Compel Arbitration [DE-10]. Surles argues that Green Tree has not shown the Contract was assigned to Green Tree and that the arbitration clause is unconscionable. The court disagrees.

4

### 1. Green Tree is a party to the Contract.

Green Tree has provided an affidavit showing that the Contract, originally assigned to Cavalier Acceptance Corp., was later assigned to Conseco Finance Corp. ("Conseco"). *See* Affidavit of Peter L. Dalpiaz [DE-19-2] ¶¶ 6-7. Green Tree then bought all of Conseco's assets, including the Contract, in 2002. *See id.* ¶ 8. Surles claims not to have paid off the loan until 2003. *See* Compl. [DE-1-1] ¶ 8. Green Tree is a proper party to the Contract.

### 2. The arbitration clause is not unconscionable.

The plaintiffs have not shown that the arbitration clause was unconscionable under the standards of *Tillman v. Commercial Credit Loans, Inc.*, 655 S.E.2d 362 (N.C. 2008). "A party asserting that a contract is unconscionable must prove both procedural and substantive unconscionability." *See id.* at 370 (citing *Martin v. Sheffer*, 403 S.E.2d 555, 557 (N.C. Ct. App. 1991)). Procedural unconscionability results from "unfair surprise, lack of meaningful choice, and an inequality of bargaining power." *See id.* It is unfairness in the bargaining of the contract. *See id.* Substantive unconscionability is unfairness in the terms of the contract itself, and involves "harsh, one-sided, and oppressive contract terms." *See id.* The plaintiffs have, at a minimum, not shown that the arbitration clause is procedurally unconscionable.

A party's unprompted failure to read or attempt to understand a contract does not show procedural unconscionability. *See Leonard v. S. Power Co.*, 70 S.E. 1061, 1063 (N.C. 1911) ("[T]he law will not relieve one who can read and write from liability upon a written contract, upon the ground that he did not understand the purport of the writing, or that he has made an improvident contract, when he could inform himself and has not

5

done so."). This is Surles's primary argument as to procedural unconscionability. While Surles also argues that the text of the arbitration clause was not offset from the rest of the body of the Contract, this is not true. The arbitration clause was the only numbered clause that was written entirely in capital letters. Surles's final argument—that she was an unsophisticated consumer without equal bargaining power with a corporation—is also unavailing. If the court were to accept such an argument, without more, hardly a contract would remain between an individual consumer and a corporation. Surles provides no support for her argument of unequal bargaining power other than the bare assertion of such. The arbitration clause is not procedurally unconscionable.[3]

### 3. Green Tree has established the requirements to compel arbitration.

Under 9 U.S.C. § 4, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." *See id.* To compel arbitration, a party must establish

(1) the existence of a dispute between the parties,
(2) a written agreement that includes an arbitration provision which purports to cover the dispute,
(3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and
(4) the failure, neglect or refusal of the defendant to arbitrate the dispute.

*Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005) (internal quotation marks omitted) (quoting *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500-01 (4th Cir. 2002)).

Here, the court's only original concern was whether the fourth element had been met, namely whether Surles had received Green Tree's request for arbitration. *See* Order

---

[3] Because the court determines that the arbitration clause was not procedurally unconscionable, the court does not reach the question of whether it was substantively unconscionable.

of August 21, 2015 [DE-9] at 4. That concern has since been allayed. An e-mail from Mr. Adams's litigation paralegal, Dawn Wrench, to Green Tree's counsel shows that Mr. Adams's office was aware of the Motion to Dismiss and Compel Arbitration [DE-6], which in turn shows that his office was aware of Green Tree's desire for arbitration. *See* E-mail from Evan Sauda to Dawn Wrench [DE-19-1]. That knowledge is imputed to Mr. Adams and to Surles.

There is a clear dispute between the parties, evidenced by this lawsuit. The Contract contains an arbitration clause covering the dispute, namely regarding the debt underlying the Contract. The arbitration clause explicitly states the relationship of the transaction to interstate commerce. *See* Contract [DE-7-1] ¶ 15. Surles had knowledge, via Mr. Adams, of Green Tree's desire to arbitrate, and, given the lack of arbitration and Surles's protest that she was not bound by the arbitration clause, there has been a failure or refusal to arbitrate. Green Tree has established the elements necessary to compel arbitration. The Motion to Dismiss and Compel Arbitration [DE-6] is ALLOWED.

## IV. CONCLUSION

For the reasons stated herein, the Plaintiffs' Motion for Extension of Time [DE-14] is DENIED, and the Motion to Dismiss and Compel Arbitration [DE-6] is ALLOWED. The parties are DIRECTED to submit a status report of the arbitration proceedings no later than 90 days from the filing date of this order.

SO ORDERED. This, the 24 day of September, 2015.

James C. Fox
JAMES C. FOX
Senior United States District Judge

7